UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | | |
|---|---|---|
| CHARLES ELMER KOVARY, #247122, | ) | |
| Petitioner, | ) | |
| | ) | No. 2:15-cv-85 |
| -v- | ) | |
| | ) | Honorable Paul L. Maloney |
| DUNCAN MACLAREN, | ) | |
| Respondent. | ) | |
| | ) | |

## ORDER AMENDING IN PART AND ADOPTING REPORT AND RECOMMENDATION

Charles Kovary filed a petition for habeas relief under 28 U.S.C. § 2254. The magistrate judge issued a report recommending this Court deny the petition. (ECF No. 32.) Kovary filed objections. (ECF No. 33.)

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

Kovary advances three objections.

### A. Alibi Witness

The magistrate judge found that this claim was procedurally defaulted. (R&R at 25 PageID.2114.) The magistrate judge then concluded that Petitioner could not establish

prejudice for counsel's failure to investigate the alibi. (*Id.* at 27-28 PageID.2116-17.) The magistrate judge explained why the alleged alibi did not explicitly contradict the timeline of events (Petitioner's presence at different locations) established by trial witnesses. (*Id.*)

For this issue, the Court **AMENDS** the Report and Recommendation. The Court has reviewed the record de novo. The Court finds the following facts in the record, which are relevant to this issue.

1. Petitioner's mother, Sandra Galbraith, was listed as a witness for trial. (*See* ECF No. 11-8 Hrg. Trans. at 3 PageID.502.) The Court finds no record that Galbraith was called as a witness.[1]

2. The record contains contradictory information concerning whether trial counsel was aware that Galbraith would have offered an alibi. Galbraith initially provided an undated statement. (ECF No. 2-11 PageID.146.) Petitioner provided the statement to appellate counsel. (ECF No. 2-11 PageID.148.) In a 2010 letter, Appellate counsel states that she spoke with Galbraith, who explained that she tried to fax the statement to trial counsel, but the fax did not "go through." (*Id.*) Based on this letter, trial counsel was not provided with this undated statement from Galbraith and was not aware that she would offer an alibi.

In April 2012, Galbraith executed a sworn affidavit. (ECF No. 2-7 PageID.125.) She states that, on September 9, 2009, she awoke between 3:15 and 3:30 a.m. to get ready for work. (*Id.*) She then states that she saw Petitioner sleeping in his master bedroom. (*Id.*) This statement is the alibi on which Petitioner bases is habeas claim. Galbraith then states

---

[1] The Court infers from a letter to Petitioner from appellate counsel that his mother was not called as a witness. (ECF No. 2-11 PageID.148.)

that, on December 29, 2009, she gave trial counsel the same facts on a separate form, but that trial counsel "rejected this information by fax and by person." (*Id.*) Based on this affidavit, trial counsel had been apprised that Galbraith would offer an alibi. The affidavit is the only sworn testimony in the record on this issue.

    3. After speaking with Galbraith, appellate counsel opted not to raise the issue on appeal. In her letter to Petitioner, appellate counsel identified a number of problems with the undated statement, both in its form and with Galbraith's statements. Appellate counsel did not offer any indication why she felt those concerns could not be overcome.

    4. The state circuit court, in resolving Petitioner's 6.500 motion, found that Petitioner failed to show actual prejudice from counsel's failure to call Petitioner's mother. (ECF No. 11-16 PageID.1171.) The court found because of evidence against him, there was no reasonable chance of acquittal "had his mother testified that he was actually in bed." (*Id.*) The strongest evidence of Petitioner's guilt came from his co-defendant, who testified after receiving a favorable plea in exchange for his testimony. The victim testified that she recognized Petitioner's voice. A defense expert testified that voice identification, under the best of circumstances, is less than fifty percent accurate. (ECF No. 11-13 Trial Tran. at 429 PageID.983.) The trial court, over objections, allowed evidence of Petitioner's prior conviction because the evidence tended to show a plan or scheme. (ECF No. 11-6 Hrg. Trans. at 60- 75PageID.448-464.) After more than four hours of deliberation, the jury sent a note to the court that it was deadlocked. (ECF No. 11-13 Trial Trans. at 521 PageID.1075.) In denying the 6.500 motion, the circuit court noted that the court of appeals found the

evidence against Petitioner "overwhelming." The issue of Petitioner's alibi was not presented to the court of appeals as part of Petitioner's direct appeal.

Petitioner objects to the magistrate judge's conclusion on the alibi issue. Petitioner insists that the testimony at trial, specifically the victim's testimony and the time of the phone call after the assault cannot be reconciled with the alibi provided by his mother. He could not have been in the room with the victim minutes before 3:47 (when the phone call was made) and have been asleep at a different house when his mother saw him between 3:15-3:30 (alibi).

The objection is overruled. Petitioner has not established that the testimony at trial and the alibi statement are impossible to reconcile. The victim did not testify that she made the phone call two minutes after the Petitioner left. She testified that the person who assaulted her told her to keep her head in the sink or tub for two minutes. (ECF No. 11-11 Trial Trans. at 180 PageID.734.) She did not testify that she used her phone to make a call two minutes later. Defense counsel's question to the victim on cross-examination, which describes the timing of the call as "almost immediately," is helpful to Petitioner but does not definitively resolve the matter. (*Id.* at 191 PageID.745.) Furthermore, the proposed testimony from Petitioner's mother does not state that she saw Petitioner in bed asleep between 3:15 and 3:30. Galbraith states that around 3:15-3:30, she got up to get ready for work. (PageID.125.) She does not state when she saw her son asleep. The Court is unaware if the record establishes the distance between the site of the assault and the place Petitioner was allegedly asleep.

B. Mitochondrial DNA

The magistrate judge concluded that Petitioner's argument about mitochondrial DNA cannot constitute new evidence because Petitioner has not provided any mitochondrial DNA test results. The magistrate judge also concluded that Petitioner did not establish the diligence requirement to raise this issue and Petitioner has not established any basis for equitable tolling of this issue.

Petitioner objects. Petitioner argues he was unaware of mitochondrial DNA testing (as opposed to other DNA testing) at the time of trial.

Petitioner's objection is overruled. The magistrate judge concisely explained why Petitioner's argument is not persuasive. That Petitioner was unaware of different types of DNA testing at the time of his trial does not resolve the matter in his favor. Asking trial counsel and appellate counsel about DNA testing does not demonstrate the sort of diligence necessary to distinguish between type of DNA tests in a habeas petition filed years later. Finally, not noted in the Report and Recommendation, the DNA tests were repeatedly raised and discussed at the various pretrial hearings. (ECF Nos. 11-4 and 11-5.) At a hearing held on January 5, 2010, the parties make clear that the DNA testing for the case is similar to a paternity test and is not a mitochondrial DNA test. (ECF No. 11-7 at 12-13 PageID.484-85.)

C. Bellman's Affidavit

The reason the trial court did not permit Bellman to testify about certain topics in his affidavit was summarized by the magistrate judge. Importantly, the prosecutor objected at trial, Petitioner's trial counsel argued in favor of allowing Bellman to testify, and the trial court sustained the objection. The magistrate judge concluded that Petitioner did not

establish that either trial counsel or appellate counsel provided ineffective assistance on this issue.

Petitioner objects. Petitioner argues that the timeline of events he described as part of his first objection would show that Bellman was credible and that he should have been allowed to testify to all of the statements in his affidavit.

Petitioner's objection is overruled. At best, his objection establishes that the trial court made an erroneous evidentiary ruling. The objection does not establish that counsel provided ineffective assistance. But, Petitioner's objection does not show that the trial court erred. The trial court declined to let Bellman testify about a conversation with a different witness (Riggs) because the Bellman's testimony would have been hearsay, a conclusion that Petitioner does not address.

For these reasons, the Court **ADOPTS**, as its Opinion, the Report and Recommendation **WITH THE AMENDMENTS** . (ECF No. 32.)

The Court has reviewed the record to determine whether to issue a Certificate of Appealability. Having carefully reviewed the record, the Court finds that reasonable jurists could disagree whether counsel was ineffective for failing to call Petitioner's mother as an alibi witness. She was listed as a witness but was not called. Had she been called to testify, reasonable jurists could debate whether her testimony would have resulted in a different outcome at trial. For all other issues, the Court concludes reasonable jurors would not disagree with the outcome here. The Court therefore **GRANTS** a Certificate of Appealability on the issue of the alibi witness.

**IT IS SO ORDERED.**

Date: June 11, 2020                                     /s/ Paul L. Maloney
                                                        Paul L. Maloney
                                                        United States District Judge